UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60502-CIV-MOORE/MCALILEY

HOWARD COHAN,

      Plaintiff,

v.

ROSHNI INVESTMENTS GROUP, INC.,
d/b/a TRAVELODGE,

      Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff filed a Verified Motion for Attorney's Fees [DE 13], which the Honorable K. Michael Moore referred to me. [DE 14]. Defendant has not responded to the motion. For the reasons set forth below, I recommend that the motion be denied.

In this lawsuit, Plaintiff claims Defendant operates a Fort Lauderdale "facility" (evidently, a hotel) in violation of the Americans with Disabilities Act (ADA). [DE 1]. Defendant did not respond to the complaint and on October 16, 2014, the Court entered a default judgment against Defendant. [DE 12]. More than seven months later, on May 26, 2015, Plaintiff filed the Motion for Attorney's Fees now before the Court.

The ADA provides that prevailing parties may recover their reasonable attorneys' fees, litigation expenses and costs. 42 U.S.C. § 12205. Reasonable attorneys' fees are calculated using the "lodestar" method: the court multiplies the number of attorney hours

1

reasonably expended by a reasonable hourly rate to determine the attorneys' fees the losing party must pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff is the prevailing party, and he asks the Court to order Defendant to pay Plaintiff $5,000.00 in attorneys' fees and $1,660.00 in costs. [DE 13, p. 2].

### 1. The motion is untimely and Plaintiff has made no showing of excusable neglect

The Rules of this Court require that any motion for attorneys' fees and costs be filed "within sixty (60) days of the entry of the final judgment or order giving rise to the claim. . . ." S.D. Fla. Local Rule 7.3(a)(1). That Rule further requires, at least 30 days before the 60 day deadline, that the prevailing party serve the motion on the party against whom fees are sought, and that within 21 days of service the parties confer in an effort to resolve the claim for fees. S.D. Fla. L.R. 7.3(b). In his motion Plaintiff states that he served Defendant a draft of the motion, and not having heard from Defendant, he filed the motion 21 days after service. [DE 13, p. 4]. It is clear that Plaintiff is aware of the requirements of Local Rule 7.3.

As noted, the Court entered final judgment on October 16, 2014; thus, the deadline for Plaintiff to file a motion to recover attorneys' fees and costs was December 15, 2014. In his motion, Plaintiff does not acknowledge that the motion is more than five months late, much less offer any explanation for his extreme tardiness.

This Court has broad discretion whether to accept late filings. *See McCool v. Bridgestone/Firestone North American Tire*, 222 Fed.Appx. 847, 857-58 (11th Cir. 2007)

(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)). Federal Rule of Civil Procedure 6(b)(1)(B) offers guidance. It provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[1]

Rule 6 does not define excusable neglect. The Supreme Court, however, addressed the meaning of the term as it appeared in Federal Rule of Bankruptcy Procedure 9006(b)(1), and concluded that it is an equitable concept that permits courts "…where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as [] intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993).[2] The Court noted that various factors can be relevant in determining whether delay was the result of excusable neglect, including: (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395.

Considering these factors, the Court knows only that Plaintiff's five month delay is extraordinary. Without any explanation from Plaintiff accounting for that delay, the Court can only speculate as to Plaintiff's reasons for the very late filing. On this record,

---

[1] Notably, Plaintiff did not file a motion, as contemplated by the Rule, to extend the time to move to recover his fees and costs.

[2] The *Pioneer* Court's analysis has application here, as the Court noted that the excusable neglect provision in Bankruptcy Rule 9006(b)(1) was patterned after Rule 6(b). 507 U.S. at 391.

the Court certainly cannot make a finding of excusable neglect. For that reason alone, I recommend that the motion be denied.

Because the motion raises significant concerns about the accuracy of Plaintiff's claimed fees and costs, I turn to the merits.

### 2. Plaintiff's billing records do not appear to be accurate

During the Court's review of Plaintiff's motion, it learned that the billing records submitted in support of this motion are all but identical to billing records Plaintiff's counsel filed when he asked the Court in another ADA case to enter a default judgment and award fees and costs. *Cohan v. Sands Harbor, Inc.*, Case No. 14-CV-60606-MOORE.[3] A comparison of the billing records for both cases shows that each time entry is identical (the time claimed and descriptions of Plaintiff's counsel's work) with the exception of an additional entry for the attorney's fees motion and a typographical error in this case. Moreover, Plaintiff's counsel also claims he incurred the same amount of costs in both cases, including expert witness fees.[4] With the accuracy of Plaintiff's billing

---

[3] Plaintiff's counsel filed a verified motion for entry of a default judgment in that case, stating "Since the Defendant has exhibited no desire to participate in litigation, the Court has no other available remedy except to enter a Default Judgment." [*Sands Harbor*, DE 11, p. 2]. He attached his billing records to that motion. The Court entered a default judgment and awarded attorneys' fees and costs based on that filing. [*Id.*, DE 12].The Court later vacated that Order on Plaintiff's motion. [*Id.*, DE 15]. In that latter motion, Plaintiff's counsel advised that before he sought the default judgment he had spoken with that defendant's counsel about resolving the lawsuit, something he did not tell the Court when he asked the Court to enter a default judgment. Plaintiff's counsel wrote that he "did not remember" his discussions with the defendant's counsel, until after the default judgment was entered, when the defendant's a lawyer apparently called Plaintiff's counsel to complain that Plaintiff had sought a default judgment when they were discussing a possible settlement. [*Id.*, DE 13, p. 2.]

[4] In both cases, Plaintiff claims $1,200 in expert witness fees. Here, Plaintiff's counsel did not provide an invoice to establish that he in fact incurred that fee.

records in doubt, I issued an order to show cause to Plaintiff's counsel, asking him to explain his filing virtually identical billing records, and claims for expert fees, in two distinct cases. [DE 15].

In response, Plaintiff's counsel's stated that the billings are identical because each case involves identical tasks that took identical time, and because he works efficiently. [DE 16, ¶ 6]. This explanation does not ring true, especially once the dockets in both cases are compared. For example, the only apparent difference between the complaints is the names and addresses of the defendants; even the date Plaintiff alleges he visited each Defendant's facility is the same. See [DE 1, ¶ 3; *Sands* Harbor, DE 1, ¶ 3].

Moreover, a quick search of the Court's dockets reveals that Plaintiff's counsel filed at least three earlier complaints in other ADA cases that appear almost identical to the complaints filed in *Sands Harbor* and this case. The only apparent differences between those complaints are the names and addresses of the defendants, a date, and a brief description of the alleged ADA violation.[5] *See Cohan v. Hotel Deauville, LLC*, 13-CIV-62663/ROSENBAUM DE 1; *Cohan v. Whitman Organization, LLC,* 13-CIV-62673/ROSENBAUM DE 1, *Cohan v. Bedu Investments, Inc.* Case No. 14-CIV-60100/ZLOCH, DE 1. Nonetheless, Plaintiff's counsel told the Court in *Sands Harbor*

---

[5] Two of the earlier complaints, *Hotel Deauville* and *Whitman*, also contain a different description of Plaintiff's disability. [*Hotel Deauville,* DE 1, ¶ 3; *Whitman*, DE 1, ¶ 3].

and in this case that he devoted 2.1 hours to drafting each complaint. [DE 13-1, p. 1; *Sands Harbor*, DE 11-3, p. 1].[6]

Likewise, it appears that the only difference between the motions for default judgment Plaintiff filed in both cases are the names of the defendants and the dates of certain filings. [DE 11, *Sands Harbor*, DE 11]. The exhibits are also practically identical. Yet, Plaintiff's counsel claims he devoted 3.9 hours to prepare each motion for a default judgment.

Plaintiff's counsel appears to be engaging in what is known as unit billing: billing a flat rate for specific matters, regardless of the time actually spent on the matter. Courts have condemned this practice. *See Van Voorhis v. Hillsborough Bd. of Country Comm'r*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, n. 8 (M.D. Fla. July 18, 2008) (unit billing "results in unreasonable and excessive fees evidencing both a lack of adequate documenting and good billing judgment). *See also In re Holub*, 129 B.R. 293, n. 1 (M.D. Fla. 1991) ("Accuracy in time keeping is the foundation upon which the 'lodestar' method of awarding fees is based. Actual time spent is what must be recorded and reported. . . . If artificial, 'phoney' time entries are used to 'pad' the time claimed, the lodestar method's validity is destroyed. The must be no 'unit billing' or minimum time entries contained in a fee application."); *Browne v. Costales*, 579 So.2d 161, 162 (Fla. 3d DCA 1991) (reversing an award of attorneys' fees where counsel engaged in unit billing, noting that the practice is "unacceptable" and is not authorized by the Rule 4-1.5 of the

---

[6] In *Sands Harbor*, the Court relied on counsel's verified billing records to award fees. [*Sands Harbor*, DE 12].

Rules Regulating the Florida Bar, which provides the factors upon which counsel may base a reasonable fee).

The Court is deeply concerned that Plaintiff's counsel has deliberately misled this Court. Plaintiff's counsel filed a verified motion for attorneys' fees, swearing that the content of the motion was true "to the best of my knowledge." [DE 13, p. 5]. As the only attorney billing on this matter, he must know the accuracy of his time records. Attorneys, of course, are bound to make statements to courts that have evidentiary support. F.R.Civ.P. 11(b)(3). Courts must be able to rely on the word of attorneys who practice before them.

Because the veracity of Plaintiff's counsel's billing records are in doubt, the Court cannot find that the attorney hours Plaintiff claims were, in fact, reasonably expended, and thus, cannot find that the amount of attorneys' fees requested by Plaintiff is reasonable.

As for Plaintiff's costs, he asks for an award of $1,660.00 for: (1) a $400.00 filing fee; (2) $60.00 for service of process; and (3) a $1,200.00 expert fee. [DE 13-2]. Plaintiff has not filed proof of his claimed costs for service of process and his expert witness.

Regarding the expert witness, Plaintiff is correct that prevailing ADA plaintiffs can recover reasonable expert fees. *Fox v. Marquis Corp.*, No. 08-81264-CIV, 2010 WL 1010871, n. 11 (S.D. Fla. March 15, 2010) ("fees paid to expert witnesses are considered 'litigation expenses'"). Plaintiff might recover $60 for service of process if that is the amount he in fact paid a process server. Given the Court's concerns about Plaintiff's counsel's veracity, this Court should not find that Plaintiff's counsel has paid those fees

without documentation of the same. Payment of the Court's $400 filing fee is not in doubt. I recommend, however, that the Court deny the request for that cost as untimely.

### 3. Recommendation

For all the reasons stated in this Report, I RESPECTFULLY RECOMMEND that the Court **deny** Plaintiff's Verified Motion for Attorney's Fees. [DE 13].

### 4. Objections

The parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore **no later than March 21, 2016**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 14th day of March, 2016.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
Counsel of record